UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* KEN E. WILLIAMS, | * * * | |
| Plaintiff-Relator, | * * | |
| v. | * * | Civil Action No. 12-cv-12193-IT |
| CITY OF BROCKTON, CITY OF BROCKTON POLICE DEPARTMENT, DOES 1-100 | * * * * | |
| Defendants. | * | |

ORDER

December 23, 2016

TALWANI, D.J.

Plaintiff-Relator Ken Williams alleges that defendants, Brockton Police Department and the City of Brockton (collectively, "Defendants"), have violated the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729, 3730. On August 5, 2016, the court allowed Defendants' motion to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as to Count IV (retaliation), and denied Defendants' motion as to Counts I (presentment of false claim), II (creation or use of false record), and III (conspiracy). Mem. & Order [#59]. In so doing, the court limited the three remaining counts to Defendants' allegedly false certification of compliance with non-supplanting requirements. Now before the court is Williams' Motion for Reconsideration of the Court's August 5, 2016 Order [#61], seeking reconsideration of the partial dismissal of the first three causes of action. His motion is supported by the United States. Statement of Interest [#66]. Also before the court is Defendants' Cross-Motion to Reconsider the Court's Denial of the Defendants' Motion to Dismiss Plaintiff-Relator's Claim of False Certification of Compliance

with Non-Supplanting Requirements [#62].

A motion for reconsideration is not intended to provide a party with a second bite of the proverbial apple. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). As "'an extraordinary remedy which should be used sparingly,'" the court will allow a motion for reconsideration only if it has "misapprehended a material fact or point of law." Id. (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id. The movant must demonstrate more than merely an error in reasoning. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 82 (1st Cir. 2008); see also Estate of Rivera v. Doctor Susoni Hosp., Inc., 323 F. Supp. 2d 262, 265 (D.P.R. 2004) (noting that motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked and that might reasonably be expected to alter the conclusion reached by court." (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir. 1995)).

Williams urges the court to reconsider its partial dismissal of Counts I, II, and III of his Amended Complaint [#44] on the ground that the court misconstrued the Supreme Court's decision in United States ex rel. Escobar v. Universal Health Services, Inc., 1136 S. Ct. 1989 (2016). In that case, the Supreme Court provided guidance for evaluating the materiality of false claims brought under the FCA. Id. at 2003-04. Upon review, and with further guidance from the First Circuit in United States ex rel. Escobar v. Univ. Health Servs., No. 14-1423, 2016 WL 6872650 (1st Cir. Nov. 22, 2016), the court concludes that dismissal of Counts I, II, and III was based on a misapplication of the Supreme Court's articulation of the materiality requirement in Universal Health Services, and, consequently, grants Williams motion for reconsideration.

In support of their motion for reconsideration, Defendants reiterate their original argument that Williams' Amended Complaint [#44] lacks the particularity sufficient to satisfy the heightened pleading standard for fraud claims, as set forth in Rule 9(b). This amounts to an argument that the court relied on flawed reasoning, not an outright misapprehension of controlling jurisprudence. Indeed, Defendants cite no authority which directly contradicts the court's conclusion. Since Defendants do not argue that the court committed a manifest error of law, the court declines to reconsider its order denying the motion to dismiss Counts I, II, and II as they relate to Defendants' allegedly false certification of compliance with non-supplanting requirements.

Accordingly, the court ALLOWS Williams' Motion for Reconsideration of the Court's August 5, 2016 Order [#61] and DENIES Defendants' Cross-Motion to Reconsider the Court's Denial of the Defendants' Motion to Dismiss Plaintiff-Relator's Claim of False Certification of Compliance with Non-Supplanting Requirements [#62]. The court's prior Memorandum & Order [#59] is hereby vacated.

IT IS SO ORDERED.

Date: December 23, 2016                                    /s/ Indira Talwani
                                                          United States District Judge